IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANE VARIALI, )  )    Petitioner, )  ) vs. ) )  TROY KING, )  )    Respondent. ) | CIVIL ACTION NO. 03-0592-WS-M |

**ORDER**

      This matter is before the Court on the report and recommendation issued by Magistrate Judge Milling and on the petitioner's objection thereto. (Docs. 13, 16). Judge Milling recommends that the petition be dismissed as time-barred and that judgment be entered in favor of the responded. (Doc. 13 at 6-7). In her objection, the petitioner argues that her petition was timely filed, with or without application of equitable tolling. As set forth in Judge Milling's report and recommendation, under well-settled law the petition was filed almost a year after the one-year limitations period of 28 U.S.C. § 2244(d) expired, and the petitioner has articulated no possible legal basis for equitably tolling that period.

      In her objection, the petitioner vaguely invokes "the 'actual innocence' exception" to the statutory limitations period. (Doc. 16 at 5). As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. *E.g., Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1217-18 (11th Cir. 2000).

      Assuming without deciding that a petitioner's actual innocence is relevant to excuse the untimeliness of a petition post-AEDPA, the petitioner did not clearly assert her actual innocence before Judge Milling. When ordered by Judge Milling to address the respondent's argument that her petition was time-barred, the petitioner "adopt[ed]" the brief of her daughter filed in defense of the timeliness of the daughter's separate petition. (Doc. 8 at 2). That brief argued that failure to consider the merits of the petition would work a grave or fundamental "miscarriage of

justice." (*Id*. at 15). The brief — playing off the petitioners' primary argument on the merits — insisted that a miscarriage of justice would occur "because [the daughter] did not properly waive her constitutional right to counsel free from an inherent conflict of interest." (*Id*. at 16). The same theme was repeated throughout this portion of the daughter's brief, (*id*. at 16, 18), as well as in the petitioner's introductory comments. (*Id*. at 3). However, a "miscarriage of justice" for purposes of excusing an untimely petition is not shown by any set of unfortunate circumstances; instead, the Supreme Court has "explicitly tied the miscarriage of justice exception to the petitioner's innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *accord Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003).

The daughter's brief does use the term "actual innocence," but only to rail against trial counsel's alleged ineffectiveness, in that evidence the infant aspirated meconium "was not explored and was utterly ignored by her trial counsel." (Doc. 8 at 17). Neither the petitioner nor her daughter attempted to tie this circumstance into the well-established jurisprudence governing actual innocence as an excuse for an untimely petition.

Assuming without deciding that the petitioner has not by her opaque briefing waived any argument of actual innocence as excusing her untimely petition, she has not established a factual predicate for its invocation. As the Supreme Court has noted, "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Schlup v. Delo*, 513 U.S. at 321. The petitioner must first "support his allegations of constitutional error with new reliable evidence ... that was not presented at trial." *Id*. at 324. This new evidence must support the proposition that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (internal quotes omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. That is, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329.

The only evidence the petitioner identifies is the Rule 32 testimony of Dr. Chalub to the effect that the infant did not drown but died from aspirating meconium during the birthing process. (Doc. 8 at 17). This evidence is not truly new, because Dr. McCullars testified

similarly on behalf of the petitioner at trial.  While Dr. McCullars identified additional obstacles to survival (including bleeding from the umbilical cord and anmiotic fluid in the lungs), he declared that the presence of the meconium in the lungs was itself sufficient to cause the infant's death.  (R-884, -891-92, -939).

Even could Dr. Chalub's evidence be considered as "new" for purposes of *Schlup*,[1] the petitioner has not shown that his testimony would probably prevent any reasonable juror from voting to convict.  New evidence offered by a petitioner cannot be considered in a vacuum but must be evaluated "in light of the totality of the evidence previously adduced."  *High v. Head*, 209 F.3d 1257, 1273 (11th Cir. 2000).  As noted, the jury heard substantially the same opinions from Dr. McCullars — and rejected them.  The medical evidence was fiercely and extensively contested at trial, and the petitioner wisely does not assert that no reasonable jury could have rejected Dr. McCullars' opinions.  But if a reasonable juror could vote to convict despite Dr. McCullars' opinions, a reasonable juror could of course vote to convict despite Dr. Chalub's substantially repetitive opinions, and would probably do so.  *Cf. Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003)(the post-trial affidavit of a medical expert who disagrees with the prosecution's medical experts may undermine their testimony, but it fails to show that, more likely than not, no reasonable juror would vote to convict).

After due and proper consideration of all pleadings in this file, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), as amplified by this order, is **ADOPTED** as the opinion of this Court.

It is **ORDERED** that this habeas petition be **DENIED** as time-barred and that this action be **DISMISSED**.

---

[1] There is also some question whether Dr. Chalub's opinions — which were presented at the Rule 32 hearing in February 2001 and were presumably known to the petitioner for some time previously — are too stale to rescue her September 2003 petition.  *See generally Araujo v. Chandler*, 2005 WL 3454099 at *2-3 (7th Cir. 2005)(actual innocence is not a "freestanding exception" to timeliness, and a petition must be filed within one year after the petitioner knows or in the exercise of due diligence should know of the facts supporting the claim of actual innocence).  As the petitioner cannot satisfy the requirements for an actual innocence exception, it is unnecessary to consider further the timeliness of her attempt to do so.

DONE and ORDERED this 14th day of February, 2006.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE